# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY X. BAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-1156 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is now before the Court on Petitioner, Anthony Baker's ("Baker"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the § 2255 Motion [#1] is DENIED.

### BACKGROUND

On February 19, 2004, Baker entered a guilty plea pursuant to a written plea agreement to charges of distribution of crack cocaine in violation of 21 U.S.C. §841 in the United States District Court for the Central District of Illinois. On May 28, 2004, he was sentenced to a term of 262 months' imprisonment, followed by a term of supervised release.

Although he waived his right to appeal and pursue collateral relief pursuant to § 2255 in ¶¶ 10 and 11 of the written plea agreement, Baker has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, Baker attempts to collaterally attack his conviction based on allegations that he received ineffective assistance of counsel. This Order follows.

## Discussion

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S. Ct. 205 (1995).

Here, Baker would appear to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence. While Baker does assert that he should be resentenced, he makes no attempt to avoid the impact of this waiver by asking the Court to vacate his guilty plea and does not present any evidence indicating that but for his counsel's ineffective assistance, he would not have entered into the plea agreement. Perhaps this is because he believes that the plea bargain's advantages outweigh its disadvantages. In any event, so long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced. Id., *citing* United States v. Wagner, 103 F.3d 551 (7th Cir. 1996); Jones v. United States, 167 F.3d 1142, 1144 (7th Cir. 1999); United States v. Nelson, 124 F.3d 206, 1997 WL 374712, at *1 (7th Cir. July 1, 1997).

However, this circuit has recognized that the right to pursue a collateral attack pursuant to § 2255 survives "with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1144-45. Accordingly, while Baker does

not contend that he received ineffective assistance of counsel in connection with the negotiation of the waiver, the Court will address his claim to the extent necessary to determine whether the negotiation of the various waiver provisions is implicated.

The seminal case on ineffective assistance of counsel is <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In <u>Strickland</u>, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 687-88. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 690.

To satisfy <u>Strickland</u>'s prejudice prong in this case, Petitioner must demonstrate through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he would not have entered the guilty plea and would have insisted upon going to trial. <u>United States v. Woolley</u>, 123 F.3d 627, 635 (7th Cir. 1997). "It is far from obvious how a petitioner is expected to make such a showing, but it is clear that 'merely making such an allegation is insufficient.'" <u>United States v. Ryan</u>, 986 F.Supp. 509, 513 (N.D.Ill. 1997), *citing* <u>Key</u>, 806 F.2d at 139; *see also* <u>McCleese v. United States</u>, 75 F.3d 1174, 1179 (7th Cir. 1996) (requiring that the petitioner establish through objective evidence that he would not have accepted the plea).

Here, there are no specific factual assertions to the effect that Baker's attorney rendered ineffective assistance in negotiating his plea agreement. Baker does not argue

that but for the purportedly misleading advice of counsel, he would have rejected the plea offer and insisted on going to trial and does not ask to set aside his plea agreement.

Furthermore, a review of the transcript of the plea hearing reveals that, after a detailed discussion of the maximum sentence he could face depending on the nature of any past criminal conduct, Baker received a lengthy explanation of the waiver provision and its consequences during the plea colloquy. As set forth below, this explanation was more than sufficient to remedy any misinformation (or lack of information) that may have been provided by his counsel with respect to the waiver provisions, and hence, he has failed to demonstrate actual prejudice under Strickland. This same dialogue also demonstrates the knowing and voluntary nature of Baker's waiver and guilty plea, as well as his competency.

When the Court accepted Baker' guilty plea, it held a lengthy change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 "provides protection for those who voluntarily choose to waive their constitutional right to a trial by pleading guilty while ensuring an adequate record to insulate the plea from appellate and collateral attacks." Key v. United States, 806 F.2d 133, 136 (7th Cir. 1986). Rule 11 also provides for a colloquy that "exposes the defendant's state of mind in the record through personal interrogation." Id., *citing* United States v. Fountain, 777 F.2d 351, 356 (7th Cir. 1985). This aspect of the Rule 11 hearing is especially important with respect to subsequent collateral proceedings, because the representations made by the defendant during a plea colloquy, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding. Id., *citing* Thompson v. Wainwright, 787 F.2d 1447 (11th Cir. 1986); Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 (1977). Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge, 97 S.Ct. at 1629.

After a careful review of the transcript of Petitioner's Rule 11 hearing, the Court finds that he has failed to overcome the strong presumption of verity which attached to the statements of voluntariness and understanding that he made during that hearing. The pertinent portion of the record reveals the following colloquy between Baker and the Court after he was placed under oath:

> Q: Now that you have been sworn, you understand that your answers to my questions are subject to the penalties of perjury or giving a false statement if you don't answer truthfully?
>
> A: Yes, sir.
>
> * * *
>
> Q: Have you been treated recently for any mental illness or addiction to narcotic drugs of any kind?
>
> A: No, sir.
>
> * * *
>
> Q: Are you currently under the influence of any drug, medication, or alcoholic beverage of any kind?
>
> A: No, sir.
>
> Q: Have you received a copy of the indictment pending against you, that is the written charges made against you in this case?
>
> A: Yes, sir.
>
> Q: Have you fully discussed those charges and the case in general, including any possible defenses that you might have with Mr. Sullivan as your attorney?
>
> A: Yes, sir.
>
> Q: And are you fully satisfied with the counsel, representation, and advice given to you in this case by your attorney, Mr. Sullivan?
>
> A: Yes, sir.

Q: Am I correct that your — one of the reasons you are pleading guilty here today is the discussions — strike that. Am I correct that your willingness to plead guilty here today is due at least in part to the discussions that you and your attorney have had with the attorney for the government leading up to the execution of this written plea agreement?

A: Yes, sir.

Q: Did you have a reasonable opportunity to read and discuss this plea agreement with your attorney before you signed it?

A: Yes, sir.

Q: Does the plea agreement represent in its entirety every understanding that you have with the government?

A: Yes, sir.

Q: Do you understand the terms of the agreement?

A: Yes, sir.

* * *

Q: On page 4 and into page 5 are two paragraphs that involve a waiver of certain rights. In paragraph 10 you are waiving your right to file an appeal from the conviction and sentence. An appeal is a legal process that would be filed with the Court of Appeals in Chicago. In such an appeal, a person could claim that there was something unlawful or unconstitutional about the process involved in this case or the sentence itself. In this paragraph, you are giving up the right to do that except for two very narrow reservations. No. 1, if the Court were to impose a sentence that was beyond the maximum provided by the statute, you could appeal that. Now, as a practical matter, what — the maximum sentence provided by the statute is life imprisonment, so I don't think that is going to come up. The other thing is that this waiver is broad enough to include even a claim that your own attorney had not effectively represented you in this case, except that you could still appeal on the grounds that your attorney had not effectively represented you in regard to this plea agreement. Do you understand?

A: Yes, sir.

Q: Do you have any questions concerning the very broad scope of this waiver?

A: No, sir.

Q: Do you understand it?

A: Yes, sir.

Q: And then in paragraph 11, that talks about a waiver of right to collateral attack. What they are talking about there, normally would take the form of what's called a petition for a writ of habeas corpus. That's something that would be filed in this court, not in the Court of Appeals. And, again, in that kind of proceeding a person could claim that there was something unlawful or unconstitutional about the process involved in their case or the sentence that was imposed.

In paragraph 11, you're basically giving up the right to file such a collateral attack even including the claim that your attorney had not effectively represented you. Do you understand what paragraph 11 provides?

A: Yes, sir.

Q: Any questions about that?

A: No.

* * *

Q: Has anyone made any other or different promise or assurance of any kind to you in an effort to induce you to plead guilty?

A: No, sir.

Q: Has anyone attempted in any way to force you to plead guilty?

A: No, sir.

Q: Are you pleading guilty of your own free will because you are guilty?

A: Yes, sir.

* * *

> Q: Do you understand that under some circumstances in your case, very limited circumstances, but nonetheless, do you understand that under some circumstances you or the government may have the right to appeal any sentence that I impose?
>
> A: Yes, sir.
>
> Q: Do you understand that by entering into this plea agreement and entering a plea of guilty, you will have waived or given up almost all of your right to appeal or collaterally attack any part of this sentence?
>
> A: Yes, sir.

(Change of Plea Transcript at 4 -18.)

The Court finds that nothing in the record even remotely suggests that Baker did not knowingly and voluntarily enter the plea agreement, including the waiver provisions contained therein. To the contrary, it clearly indicates that he expressly waived his rights to appeal and pursue collateral relief on more than one occasion after extensive questioning and explanation by the Court. Thus, the record also demonstrates that the Court provided him with a lengthy and detailed explanation of the waiver provisions that was more than adequate to supplement or correct any lack of information or misinformation that may have been provided by counsel. After receiving this explanation, Baker proceeded to state on more than one occasion that he was acting voluntarily and understood everything as it had been explained to him by the Court.

Therefore, regardless of his current protestations that counsel was less than diligent in his representation and provided ineffective assistance, the record before the Court unequivocally demonstrates that Baker acted knowingly and freely in entering into the plea agreement, including the waiver provisions. Had he truly not wished to plead guilty, not understood the proceedings in which he participated, or been caught unaware by the

waiver provisions, it would seem only reasonable that he would have made some attempt to correct the factual record or bring his plight to the attention of the Court.

Baker has failed to demonstrate that ineffective assistance of counsel negated the knowing or voluntary nature of his plea or the waiver itself, that the waiver was a product of coercion, or that the trial court relied on some constitutionally impermissible factor, such as race, in imposing sentence. Accordingly, the Court now holds that Baker's waiver of his right to pursue collateral relief was both knowing and voluntary and operates to bar him from pursuing further habeas corpus relief, and this § 2255 Motion is therefore frivolous. See United States v. Richardson, 1998 WL 388590, at *3 (E.D.La. July 9, 1998) (finding that defendant's claims under § 2255 that his plea was involuntary and that the government had not met its burden of proving he possessed crack cocaine were barred by a valid waiver in his plea agreement).

## CONCLUSION

For the reasons set forth herein, the Court cannot find that there has been any credible showing that but for the alleged unprofessional errors of counsel, there is any reasonable probability that the result of this proceeding would have been different, as the record clearly demonstrates that Baker knowingly, intelligently, and voluntarily waived his right to bring both an appeal and collateral attack on his conviction and sentence. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED.  This matter is now terminated.

ENTERED this 13th day of October, 2005.

>   s/ Michael M. Mihm
>   Michael M. Mihm
>   United States District Judge